671-647-1867        10:53:42 a.m.    06-14-2013     1/5



# BEFORE THE
# GUAM CIVIL SERVICE COMMISSION

## BOARD OF COMMISSIONERS



| | |
|---|---|
| IN THE MATTER OF:<br><br>Jerry D. Sanchez,<br><br>                           Employee,<br><br>vs.<br><br>Port Authority of Guam,<br>                         Management. | ADVERSE ACTION<br>CASE NO. 12-AA16S<br><br><br>**JUDGMENT OF DISMISSAL** |

The Civil Service Commission hereby dismisses the above captioned case with prejudice pursuant to the terms of the Stipulation of Settlement attached hereto.

SO ADJUDGED THIS 13th day of June 2013.

_____
**LUIS R. BAZA**
Chairman

_____
**MANUEL R. PINAUIN**
Vice-Chairman

NOT PRESENT
_____
**PRISCILLA T. TUNCAP**
Commissioner

NOT PRESENT
_____
**JOHN SMITH**
Commissioner

_____
**LOURDES HONGYEE**
Commissioner

_____
**DANIEL D. LEON GUERRERO**
Commissioner

_____
**EDITH C. PANGELINAN**
Commissioner

ORIGINAL



**Guam Federation of Teachers**
Timothy Fedenko
President
**David C. Babauta**
Lay Representative
P.O. Box 2301
Hagåtña, Guam 96910 • USA
(671) 735-4390 • (671) 734-8085



CIVIL SERVICE COMMISSION
RECEIVED
MAY 23 2013
GOVERNMENT OF GUAM

13-410

**Representative for Employee**

| | |
|---|---|
| In The Matter Of: | ) ADVERSE ACTION APPEAL |
| | ) CASE NO.: 12-AA16S |
| **JERRY D. SANCHEZ,** | ) |
| | ) |
| Employee, | ) |
| | ) |
| vs. | ) |
| | ) |
| **PORT AUTHORITY OF GUAM,** | ) **STIPULATION FOR SETTLEMENT** |
| Management | ) |
| | ) |

THIS STIPULATION OF SETTLEMENT is by and between **JERRY D. SANCHEZ** ("Employee") and **PORT AUTHORITY OF GUAM** ("Management") as follows:

### RECITALS

A. The Employee commenced an appeal against Management at the Civil Service Commission bearing Adverse Action Appeal Case No. 12-AA16S. The employee appealed from Management's issuance of a Final Notice of Adverse issued which resulted in the employee's suspension from August 8th 2012 to August 10th 2012.

B. The parties desire to enter into this Settlement Agreement (hereinafter "Agreement") to provide for certain arrangements in full settlement and discharge of the Appeal and upon the terms and conditions set forth herein.

# ORIGINAL

C. The terms and conditions of said Agreement shall become operative upon the execution of this Agreement by the last of the parties to sign.

**NOW THEREFORE**, for and in consideration of the mutual promises set forth herein, the parties agree as follows:

1. **Purpose of Agreement**. Employee and Management acknowledge and agree that this Agreement is a settlement and compromise of the referenced matters. It is the intention of the parties by the execution of this Agreement to fully, finally and completely resolve this adverse action appeal, in the manner more specifically set forth in the terms of this Agreement that follow.

2. **Employee's Obligation**.

   2.1 Employee shall withdraw the Appeal from the Civil Service Commission and request that the Commission dismiss the Appeal with prejudice.

   2.2 Employee shall pay his own attorney's fees and costs.

3. **Management's Obligation.**

   3.1 Management shall expunge all adverse action documents filed relating to this case from the employee's personnel file.

   3.2 Management shall agree to pay the employee from August 8th 2012 to August 10th 2012 and to restore any and all benefits that the employee shall have accrued during his suspension.

   3.3 Management shall pay its own attorney's fees and costs associated with the Adverse Action Appeal.

4. **Performance Accepted.** The parties each agree and acknowledges: (a) that the party accepts performance of his/her obligations specified in this

2

Agreement as a full and complete compromise of matters involving disputed issues before the Civil Service Commission; (b) that the negotiations for this settlement (including all statements, admissions or communications) by the parties or their attorneys or representatives shall not be considered admissions by any of said parties; (c) and that no past or present wrong doing on the part of the parties shall be implied by such negotiations.

5. **Additional Documents.** All parties agree to cooperate fully and execute any and all supplementary documents and take all additional actions that may be necessary as appropriate to give full force and effect to the basic terms and intent of this Agreement.

6. **Independent Advice of Counsel.** Each party represents and declares that that party has received independent advice from its respective attorneys or representative with respect to the advisability of making the settlement provided for herein and with respect to the advisability of executing this Agreement. Each party further represents and declares that that party has not relied upon any statement or representation by the other party or of any of its partners, agents, employees, or attorneys in executing this Agreement or in making the settlement provided for herein, except as expressly provided for herein.

7. **Voluntary Agreement.** Each party represents and declares that that party has carefully read this Agreement, knows the contents of this Agreement, and that each party has signed the same freely and voluntarily.

3

**IN WITNESS WHEREOF,** the parties have executed this Agreement as of the date written by their respective names:

JERRY D. SANCHEZ,
Employee

JOANNE BROWN,
Director

Date: 5.23.2013

Date: 5/16/13

DAVID BABAUTA,
Lay representative for Employee

JOHN BELL,
Port Authority of Guam Legal Counsel

Date: 5.23.2013

Date: 5/16/13

4